FILED BY LC D.C.
OCT 09 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

(1" from top of page, and centered,
begin title of Court)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. _______– Civ (Judge's Last Name/Magistrate's Last Name)**

(Full Name of Plaintiff/s), Linwood Cutchins

Plaintiff (s)

vs.

(Full Name of Defendant/s),

Defendant(s).
Bug Bite Thing, Inc.,

**COMPLAINT**

I, Linwood Cutchins plaintiff, in the above styled cause, sue defendant(s): Bug Bite Thing, Inc.

This action is filed under (indicate under which federal law or section of the U.S. Constitution this action is being filed): Intellectual Property Rights

Dated: Month, day, year

10/05/2026

Respectfully submitted,

Linwood Cutchins
Name of Filer
Attorney Bar Number (if aplicable)
Attorney E-mail Address (if applicable)
Firm Name (if applicable)
Street Address
City, State, Zip Code
Telephone: (xxx)xxx–xxxx
Attorneys for Plaintiff/Defendant [Party Name(s)]
(if applicable)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

## FORT PIERCE DIVISION

**LINWOOD CUTCHINS,**
Plaintiff,

v. Case No. __________

**BUG BITE THING, INC.,**
Defendant.

## COMPLAINT FOR PATENT INFRINGEMENT

### AND DEMAND FOR JURY TRIAL

Plaintiff Linwood Cutchins, proceeding pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Act, 35 U.S.C. §§ 271 and 281–285, concerning Defendant Bug Bite Thing, Inc.'s ("Defendant" or "BBT") manufacture, use, offer for sale, sale, and/or importation of its "Bug Bite Thing" suction tool ("accused product").
2. Plaintiff alleges that the accused product infringes one or more claims of U.S. Patent No. **11,399,979**, titled *Apparatus for Removing Debris from an Organ* ("the '979 patent"), literally and/or under the doctrine of equivalents. Plaintiff's claim chart identifies the asserted claim limitations and the accused product's corresponding features and operation. Plaintiff intends to submit the claim chart and supporting evidence as exhibits in accordance with the Court's procedures.
3. Plaintiff seeks damages adequate to compensate for infringement, including at least a reasonable royalty, appropriate injunctive relief if warranted under applicable law, costs, and such other relief as the Court may award.

## II. THE PARTIES

4. Plaintiff Linwood Cutchins is an individual residing in Edgewater Park, Burlington County, New Jersey. Plaintiff's mailing address is **1475 Mount Holly Road, Unit L7, Edgewater Park, NJ 08010**.

5. Plaintiff is the inventor and alleges that he owns all right, title, and interest in the '979 patent, including the right to sue for infringement and recover for infringement. Patent and ownership records will be submitted or identified in this action.

6. Defendant Bug Bite Thing, Inc. is alleged, on information and belief, to be a corporation with its corporate headquarters or principal place of business at **611 NW Mercantile Place, Port St. Lucie, Florida 34986**.

7. On information and belief, BBT makes, markets, offers for sale, sells, distributes, and/or imports the accused product in the United States, including through retailers and online sellers.

# III. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Patent Act, 35 U.S.C. §§ 1 et seq.

9. This Court has personal jurisdiction over BBT because, on information and belief, BBT is headquartered and conducts business in Port St. Lucie, Florida, within this District, and has committed or caused acts of alleged infringement in this District.

10. Venue is alleged to be proper in this District under 28 U.S.C. § 1400(b), because BBT's corporate headquarters and principal place of business are in Port St. Lucie, Florida, and, on information and belief, BBT has committed acts of alleged infringement in this District and maintains a regular and established place of business here.

11. Port St. Lucie is in St. Lucie County, within the Southern District of Florida and the Fort Pierce Division.

# IV. THE PATENT AND THE ACCUSED PRODUCT

12. The '979 patent is titled *Apparatus for Removing Debris from an Organ*. It issued on February 8, 2022, from Application No. 14/489,962, filed September 18, 2014. A copy of the patent will be submitted as an exhibit or as directed by the Court.

13. The '979 patent concerns an apparatus for removing debris from an organ or body surface through suction. Plaintiff's EFOR device is a manually operated suction apparatus designed for waterless removal of debris or foreign matter, including from the eye, using structures and operation described in the patent claims and specification.

14. Plaintiff alleges that one or more claims of the '979 patent cover the apparatus structures and operations identified in Plaintiff's claim chart. The patent claims, read in light of the specification and applicable law, define the scope of the asserted patent rights.

15. BBT makes, markets, offers for sale, sells, distributes, and/or imports the accused product, which is marketed as the "Bug Bite Thing" suction tool.

16. The accused product is a handheld suction device used on the skin. As set out in Plaintiff's claim chart and supporting materials, the user places the device over an affected area and manually operates its mechanism to create suction.

17. Plaintiff alleges that the accused product contains structures and performs operations corresponding to every limitation of at least one asserted claim of the '979 patent, literally or, alternatively, under the doctrine of equivalents. Plaintiff's claim chart will identify each asserted limitation and the corresponding accused-product feature or operation.

18. On information and belief, the accused Bug Bite Thing product is manufactured in Denmark and imported into the United States for sale by or on behalf of Defendant. Defendant's website

states that the product is manufactured in Denmark. Plaintiff will rely on that statement and seek discovery concerning the product's manufacturer, importer, suppliers, shipments, and distribution.

19.Defendant's website states that the accused product is available in more than 30,000 retail locations in the United States. Plaintiff alleges, on information and belief, that the accused product is sold through a widespread retail distribution network. Plaintiff seeks discovery concerning the locations, sales, units, revenue, distributors, and time periods involved.

20.Plaintiff alleges that the accused product's widespread sales compete with the market in which Plaintiff seeks to commercialize the patented invention for use on skin. Plaintiff further alleges that Defendant's continued sales harm Plaintiff's ability to enter, develop, and compete in that market. Plaintiff will rely on evidence concerning the patent claims, the accused product, the relevant market, and the parties' sales and commercialization activities.

21.Plaintiff possesses video evidence demonstrating the operation of Plaintiff's EFOR device on skin and its suction-based function. The video is available as supporting evidence and will be submitted in a format and at a time directed by the Court. Plaintiff may also provide still images or other accessible representations where appropriate.

# V. PRIOR NEW JERSEY ACTION

22.Plaintiff previously brought an action concerning the '979 patent and the accused product in the United States District Court for the District of New Jersey, **Cutchins v. Bug Bite Thing, Inc., No. 2:22-cv-06885**.

23.The New Jersey action was closed without prejudice because of improper venue. It was not closed on the ground that Plaintiff's patent infringement claims lacked merit.

24.Plaintiff states that the New Jersey court had earlier granted Plaintiff summary judgment on the merits before the matter was later closed because of improper venue. Plaintiff will submit the relevant orders and docket materials when available.

25.Plaintiff alleges that he provided BBT with evidence and requested that BBT provide its evidence supporting non-infringement. Plaintiff did not receive the response he sought. Plaintiff does not allege that this non-response, by itself, constitutes an admission of infringement.

26.Plaintiff brings this action in the Southern District of Florida, which he alleges is a proper venue for this dispute.

# VI. INFRINGEMENT

27.Plaintiff incorporates paragraphs 1–26 as if fully set forth here.

28.Under 35 U.S.C. § 271(a), a person infringes a patent by, without authority, making, using, offering to sell, selling, or importing into the United States a patented invention during the patent term.

29.Plaintiff alleges that BBT, without Plaintiff's authorization, has made, used, offered to sell, sold, distributed, and/or imported the accused product in the United States, including in this District.

30.Plaintiff alleges that the accused product practices each limitation of at least one asserted claim of the '979 patent, literally or, alternatively, under the doctrine of equivalents, as described in

Plaintiff's claim chart and supporting evidence.

31.Plaintiff alleges that BBT's acts constitute direct infringement under 35 U.S.C. § 271(a).

32.Plaintiff alleges that BBT received notice of Plaintiff's patent rights and infringement allegations through communications identified in Plaintiff's supporting materials. Plaintiff alleges that BBT continued the conduct complained of after receiving notice.

33.Plaintiff alleges that BBT's sales of the accused product through its extensive retail network contribute to the ongoing alleged infringement and resulting market effects. The extent and nature of those sales, including sales through retail locations, are matters Plaintiff seeks to determine through discovery.

34.Plaintiff alleges that continued sales of the accused product—including sales through Defendant's retail network—may cause ongoing injury to Plaintiff's ability to enter and compete in the relevant market. Plaintiff seeks injunctive relief under 35 U.S.C. § 283 and will present evidence addressing the applicable equitable factors, including irreparable injury and whether monetary relief is adequate.

35.Plaintiff alleges that BBT's infringement has caused damages, including lost royalties or other compensation, in an amount to be determined according to proof and the Patent Act.

# VII. CLAIM FOR RELIEF

## Count I — Direct Patent Infringement

## 35 U.S.C. § 271(a)

36.Plaintiff incorporates paragraphs 1–35.

37.Plaintiff owns the '979 patent and has the right to bring this action.

38.BBT has directly infringed and continues to infringe one or more claims of the '979 patent by making, using, offering to sell, selling, and/or importing the accused product without authorization.

39.Plaintiff alleges infringement literally and, alternatively, under the doctrine of equivalents, as further explained in Plaintiff's claim chart and supporting evidence.

40.Plaintiff is entitled to damages adequate to compensate for infringement, but not less than a reasonable royalty, together with interest and costs, under 35 U.S.C. § 284.

41.Plaintiff seeks injunctive relief under 35 U.S.C. § 283, if warranted under the applicable equitable standards.

42.Plaintiff alleges that BBT's infringement has caused and will continue to cause injury for which monetary relief may be inadequate, subject to proof and the Court's application of the governing legal standards.

# VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

A. Enter judgment that BBT has infringed one or more claims of the '979 patent;

B. Award damages adequate to compensate for infringement, but not less than a reasonable royalty, in an amount to be determined according to proof;

C. Award prejudgment and post-judgment interest as permitted by law;

D. Enter an injunction under 35 U.S.C. § 283 prohibiting Defendant, and those acting in concert with it as permitted by law, from further infringing the '979 patent, if warranted under the applicable equitable factors;

E. Award costs as permitted by law;

F. Find, if supported by the evidence and applicable law, that this is an exceptional case and award reasonable attorney fees under 35 U.S.C. § 285; and

G. Grant such other relief as the Court deems just and proper.

# IX. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Date: October 05, 2026

**/s/ Linwood Cutchins**
Linwood Cutchins, Plaintiff pro se
1475 Mount Holly Road, Unit L7
Edgewater Park, NJ 08010
Telephone: 609-353-3911
Email: carlcutch@yahoo.com

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$13.90
Origin: 08046
10/06/26
3391700046-11

PRIORITY MAIL®

0 Lb 3.10 Oz
RDC 03

EXPECTED DELIVERY DAY: 10/09/26

C007

SHIP TO:
101 S US HIGHWAY 1
FORT PIERCE FL 34950-4209

USPS TRACKING® #

9505 5134 0391 6279 5069 94

IORITY
MAIL®

■ Expecte
■ Domesti ...pply).*
■ USPS Tr ...rnational destinations.
■ Limited i
■ When us ...uired.

*Insurance dc ...s see the
Domestic Mai ...tions of coverage.
** See Interna

OCT 09 2026

FLAT
ONE RATE

TRAC

PSO

free Package Pickup,
the QR code.

.COM/PICKUP

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Linwood Cutchins
1475 Mount Holly Rd-L7
Edgewater Park, N.J. 08010

TO: Clerk/US District
Court-Southern District of Florida
101 South U.S. 1 Highway
Rm# 1016
Fort Pierce, Florida 34950

Label 228, December 2023 FOR DOMESTIC AND INTERNATIONAL USE

PAPER POUCH

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F-250 © U.S. Postal Service; May 2026; All rights reserved.